IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY S. PHILLIPS,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

CV-10-06367-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

    Plaintiff Mary Phillips brings this action for judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c) (2010). The Commissioner's decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Phillips was fifty-two years old at the time of the administrative hearing. Admin. R. 29.[1] She graduated from high school and was trained as an electrician. *Id.* at 143-144. Phillips worked as an electrician for nearly thirty years. *Id.* at 30, 140. She alleges disability due to cervical arthritis, carpal tunnel syndrome, Fibromyalgia, and depression. Phillips filed for disability on August 28, 2007, alleging disability from March 18, 2007. Her applications were denied initially and on reconsideration. A hearing was held before and Administrative Law Judge (ALJ) on January 23, 2010. The ALJ found Phillips satisfied the insured status requirements for a claim under Title II through June 30, 2008. *Id.* at 12. Phillips must establish that she was disabled on or before that date to prevail on her DIB claim. 42 U.S.C. § 423(a)(1)(A) (2004). *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). The ALJ issued an opinion on March 19, 2010, finding Phillips not disabled, which is the final decision of the Commissioner.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A) (2004).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. 20 C.F.R. §§

---

[1] Citations to "Admin. R." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

2 - FINDINGS AND RECOMMENDATION

404.1520, 416.920 (2010); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ applied the five step disability determination analysis and found at step one that Phillips has not engaged in any substantial gainful activity (SGA) since March 18, 2007. Admin. R. 12. At step two, he determined that Phillips has the medically severe impairments of cervical arthritis, carpal tunnel syndrome, and Fibromyalgia. *Id.* The ALJ found at step three that Phillips did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, App.1. *Id.* at 14.

  The ALJ found Phillips has the residual functional capacity (RFC) to perform light work with the following exceptions: "frequently - as opposed to constantly - crouch, kneel, stoop, balance, and climb ramps and stairs; occasionally crawl and climb ladders, ropes and scaffolds; and frequently perform fingering, i.e., fine manipulation bilaterally." *Id.* The ALJ elicited the testimony of a vocational expert (VE) and found at step four that Phillips was not capable of performing her past relevant work as an electrician. *Id.* at 18.

  The ALJ proceeded to step five and based on the testimony of the VE found there were a significant number of jobs in the national economy that Phillips could perform. *Id.* at 19. Based on the testimony of the VE, the ALJ found Phillips could perform work that exists in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. *Id.* at 20.

## STANDARD OF REVIEW

  The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence

means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for "determining credibility, resolving conflicts in medical testimony and resolving ambiguities." *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001)(citations omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d at 1193. Under this standard of review, the court must uphold the Commissioner's findings of fact, provided they are supported by substantial evidence in the record as a whole, including inferences logically flowing from such evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## DISCUSSION

Phillips asserts the ALJ improperly determined her mental impairments were not severe. She also asserts the ALJ had a duty to further develop the record regarding her mental impairments. Phillips challenges the ALJ's determination of her RFC by alleging the ALJ improperly assessed her credibility, the medical evidence, and the lay witness testimony. Phillips also contends the ALJ erred in finding she could perform work in the national economy. Each assignment of error is discussed below.

**I.    Severity of Impairments**

Phillips contends the ALJ erred at step two in finding she did not have a severe mental impairment. At step two, the Commissioner determines whether the claimant has a medically

severe impairment or combination of impairments. Phillips bears the burden to show that her impairments are severe. 20 C.F.R. §§ 404.1512, 416.912 (2011); *Bowen v. Yuckert*, 482 U.S. at 146. If there is no finding of severe impairment, the Commissioner will find the claimant "not disabled" without continuing the remaining steps of the sequential process. 20 C.F.R.§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2010); SSR 85-28. An impairment is severe if it significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§404.1521, 416.921 (2010).

The ALJ determined that Phillips had a medically determinable mental impairment of depression based on Phillips' allegations and the lay testimony of Phillips's sister. Admin. R. 13. However, he noted that the depression caused no more than minimal limitations and was therefore nonsevere. *Id.* The ALJ further noted that Phillips had no treatment history for depression and did not cite depression as a complaint to her clinicians. *Id.* The ALJ noted that upon questioning by a clinician, Phillips described situational depression related to her physical problems. *Id.* He further noted that Phillips did not testify to any problems related to depression that inhibited her ability to work or do other activities.

Once a severe impairment is found the analysis proceeds to step three. The ALJ found Phillips has severe impairments and noted he considered the combined effect of all Phillips's impairments, severe and nonsevere, in the remaining steps of the disability analysis. Admin. R. 12-14, *See,* 20 C.F.R. §§ 404.1523, 416.923 (2010). The issue is whether the ALJ properly assessed, in his RFC determination, whether there were functional limitations from any impairment or combination of impairments that affected Phillips's ability to work. *Burch v. Barnhart,* 400 F.3d 676, 682 (9th Cir. 2005).

5 - FINDINGS AND RECOMMENDATION

Phillips contends that the ALJ erred by failing to address Dr. Rose's diagnosis of post traumatic stress disorder (PTSD). This diagnosis occurred a few months before the ALJ opinion. Phillips has not asserted any additional functional limitations from PTSD but noted that it is often associated with Fibromyalgia. The ALJ found Fibromyalgia to be a severe impairment and part of his reasoning for limiting Phillips to light work. The ALJ considered the functional areas for evaluating mental disorders that are described in the regulations, and correctly found Phillips had no more than minimal limitations due to her mental impairment. Admin. R. 13.

## II.    Development of the Record

Phillips asserts the ALJ failed to develop the record regarding her mental impairments. An ALJ's duty to further develop the record is triggered when there is ambiguous evidence or the ALJ finds the record inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ also has a heightened duty when a claimant is found to be disabled due to mental impairments and is unrepresented by counsel. *Higbee v. Sullivan,* 975 F.2d 558, 562 (9th Cir. 1992). Phillips was represented by counsel at the hearing.

The evidence was sufficient for the ALJ to determine that Phillips had a mental impairment. As noted above, he found the impairment was not severe. Phillips disagrees with this conclusion by the ALJ, however, that disagreement is not enough to trigger a duty to further develop the record.

/ / / / /

/ / / / /

/ / / / /

### III.  RFC

#### A.  Credibility

Phillips asserts the ALJ erred in assessing her credibility.  The ALJ must assess the credibility of the claimant regarding the severity of symptoms only if the claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Phillips has medically determinable impairments which could produce her symptoms.  When there is an underlying impairment and no evidence of malingering, an ALJ must provide clear and convincing reasons for discrediting a claimant's testimony regarding the severity of his symptoms.  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ must make findings that are "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

When making a credibility evaluation, the ALJ may consider objective medical evidence, work record, treatment history, and any unexplained failure to seek treatment or follow a prescribed course of treatment.  *Carmickle v. Commissioner*, 533 F.3d. 1155, 1161 (9th Cir. 2008); *Smolen v. Chater*, 80 F.3d at 1284.  The ALJ may also consider the claimant's daily activities and the observations of physicians and third parties in a position to have personal knowledge about the claimant's functional limitations.  *Smolen v. Chater*, 80 F.3d at 1284.  In addition, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other statements by the claimant that appear to be less than candid.  *Id.*  *See also* SSR 96-7p.

The ALJ noted Phillips's lack of treatment and very conservative level of care contrasted "significantly with her complaints of disabling symptoms and limitations." Admin. R. 17. He noted she had insurance while working, "but did not think to use it," which he found detracted from her credibility. The ALJ noted Phillips chose to stop working as opposed to pursuing medical treatment while insured. *Id.* He further noted Phillips had access to free chiropractic care but was hesitant to use it despite allegations of back pain impeding her ability to work. *Id.*

The ALJ noted that when Phillips did seek an orthopedic examination, the treatment was very conservative, consisting of a wrist splint for work and rest and Tylenol. *Id.* Conservative treatment is a factor in discounting testimony regarding the severity of symptoms. *Parra v. Astrue,* 481 F.3d 742, 750-751 (9th Cir. 2007).

The ALJ noted that Phillips did not claim to have any assistance in activities of daily living, or maintaining her house and horse farm. Admin. R. 16-17. Although Phillips noted some accommodations in the farm maintenance, the ALJ noted she described pulling hay out of her truck and grooming her horses once a month. The ALJ further noted Phillips continued to sculpt and make her own clay until the spring of 2009, despite claims of difficulty using eating utensils because of disabling hand pain. *Id.* at 17, 43. The ALJ noted that the clay making involved repetitively shredding newspapers and "gripping activities including moving batches of clay from soaking buckets to a blender to a cooking pot to a draining vessel to a mixer. The sculpting requires the claimant to stand, stoop, and bend, as well as use her hands to work the clay." *Id.* at 17. An ALJ can draw an adverse inference about a claimant's credibility when activities are inconsistent with allegations regarding the severity of an impairment. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d at 1196; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

8 - FINDINGS AND RECOMMENDATION

The ALJ noted that although Phillips described extreme difficulties using her hands even to hold a pen, she had essentially normal finger range of motion and grasping ability in her examination with Dr. Cho in 2008.  Admin. R.  16, 200.  Inconsistencies between exam findings and level of pain is another factor an ALJ may consider in making a credibility finding.  *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F. 3d at 1196.  He also noted that despite Phillips's testimony regarding her exertional limitations, in her 2010 examination with Dr. Rose she was described as quite muscular and strong, without any atrophy.  Admin. R. at 17-18, 249.  The ALJ further noted that Phillips exaggerated the frequency with which she received free chiropractic care.  *Id.* at 17.

Other inconsistencies noted by the ALJ include Phillips's sister's testimony that horses were her sister's "life," yet, during hearing testimony Phillips had difficulty remembering when she sold or gave away many of her horses.  *Id.* at 17, 41, 176-177.  He further noted while Phillips testified she had no money to spend on medical care, she keeps five horses that cost her $300 per month to feed and retains forty acres of land.  *Id.* at 17, 34-35, 41-42.  The ALJ also noted that Phillips stated to state agency employees that  since November 2008 she had gone to the emergency room at Three Rivers Hospital for wrist pain and chest pain.  *Id.*  at 17, 169.  However, the hospital has no records of any visits.  *Id.* at 235.  The ALJ further noted that Phillips testified that Vicodin did not help her pain, yet told a physician that it improved her low back pain.  *Id.* at 17, 35-36, 197.

The ALJ considered Phillips's medical record, conservative treatment, inconsistent statements, and daily activities, and concluded the allegations of Phillips regarding the limiting effects of her symptoms were not supported.  He considered appropriate factors and drew

9 - FINDINGS AND RECOMMENDATION

reasonable inferences from substantial evidence in the record in assessing Phillips's credibility. The ALJ's interpretation is not irrational and is therefore upheld. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1193.

### B.     Medical Evidence

Phillips asserts the ALJ erred in assessing the medical evidence and the opinion of Dr. Rose. The ALJ discussed the medical record in some detail. He noted that Phillips was examined by Dr. Foreman on March 27, 2007, for bilateral hand pain and cramping. Admin. R. 15, 180-182. Phillips reported difficulties with gripping objects and driving. Dr. Foreman noted Phillips had bilateral carpal tunnel release in 1981, but stated her current symptoms were different. *Id.* at 180. The ALJ noted Dr. Foreman reviewed Phillips' history of cervical arthritis and past injuries. *Id.* at 15, 180. Dr. Foreman's exam showed no pain with active range of motion (ROM) in the wrists, hands, digits and shoulders. He noted full grip strength in both hands and some active triggering of her middle finger. *Id.* at 181.

Dr. Foreman found no cervical radiculopathy or cervical stenosis. *Id.* He noted her dystonic type symptoms with activity may be associated with generalized overuse and activity or her symptomatology. Dr. Foreman recommended a simple wrist splint and a nerve conduction study to determine if Phillips had recurrent carpal tunnel syndrome. *Id*. at 181-182.

The ALJ discussed the chiropractic treatment provided by Dr. Martin, who had previously treated Phillips for an injury that caused cervical problems. Dr. Martin treated Phillips once in 2008 and six times in 2009. *Id.* at 257-270. Dr. Martin treated Phillips for free as she was unable to pay for treatment, but she testified she was reluctant to take advantage of his generosity. *Id.* at

15, 255. Dr. Martin noted that Phillips could not return to her previous work as an electrician. *Id.* at 256.

The ALJ also discussed Phillip's 2008 examination by Dr. Cho. *Id.* at 16, 197-201. Dr. Cho noted that in addition to arm and hand pain, Phillips complained of low back pain which was aggravated by some activities and improved by taking Vicodin. *Id.* at 16, 197. Dr. Cho noted Phillips' medical history; that she could get on and off the examination table with ease; and her gait was normal. *Id.* at 197-198. Dr. Cho further noted that despite Phillips's history of bilateral carpal tunnel syndrome, Phillips had no indication of motor cervical radiculopathy. *Id.* at 200.

Dr. Cho found Phillips had the functional capacity to lift twenty pounds frequently and forty pounds occasionally with no restrictions in standing, sitting, and walking. *Id.* Dr. Cho noted there should be limits on the Phillips' usage of tools that require sustained fine hand coordination for a prolonged period, or any tools that are heavy. *Id.* at 201. Dr. Cho also noted Phillips should avoid sustained activity with her wrists flexed or extended. *Id.* The ALJ also noted the state agency physicians' opinion that Phillips was limited to light work with some postural limitations and frequent, but not constant, fingering. *Id.* at 18, 220-227, 229. He noted that these opinions were generally consistent, although the state agency opinion was more restrictive regarding exertional limitations due to Phillips's cervical arthritis. *Id.* at 18.

The ALJ also discussed Phillips's January 2010 examination with Dr. Rose. *Id.* at 16, 18, 237-253. He noted Dr. Rose assessed Fibromyalgia, but recommended a thorough assessment by a rheumatologist. *Id.* at 16, 251. The ALJ further noted that Dr. Rose found limitations generally consistent with light-level work activities and postural and manipulative limitations. *Id.* at 18. The ALJ noted Dr. Rose reported Phillips cooks, does dishes, housecleaning, shopping and

11 - FINDINGS AND RECOMMENDATION

continued to work with clay. *Id.* However, Dr. Rose found Phillips had an inability to grip, grasp, or manipulate objects with fingers on her right hand. *Id.* at 16. Dr. Rose found further postural limitations and an inability to work a full eight hour day. *Id.* at 252.

Phillips argues that Dr. Rose's opinion regarding her limitations must be adopted. Dr. Rose is an examining physician. An ALJ may reject the opinion of a treating or examining physician if it is controverted by other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). The ALJ may also reject physician opinions, whether or not controverted, when they are brief, conclusory and not supported by clinical findings. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may also reject physician opinions that rely primarily on a claimant's subjective complaints which are properly discounted. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d at 1195; *Fair v. Bowen,* 885 F.2d at 605. In addition, the opinion of a non-examining physician may be substantial evidence when consistent with clinical findings or other record evidence. *Thomas v. Barnhart,* 278 F.3d. 947 at 957.

The ALJ found the other limitations identified by Dr. Rose, such as an inability to work an eight hour day, not supported by the clinical record. Admin. R. 18. He noted Dr. Rose's opinion was not consistent with the findings of two other examining physicians, as well as the state agency consultants. The ALJ also noted that Dr. Martin, a chiropractic physician, opined that Phillips could not return to her past work as an electrician, which was consistent with his RFC. He found Dr. Rose's opinion largely based on subjective pain complaints, which he properly discounted,

and undocumented mental health history. *Id.* He further noted that Dr. Rose's manipulative limitations were presented in non-functional terms. *Id.*

The ALJ provided specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Rose's limitations. *Bayliss v. Barnhart*, 427 F.3d 1211 at 1216. The court must uphold the ALJ's findings, even if evidence exists to support more than one rational interpretation of the evidence. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d at 1039-1040.

### C. Lay testimony

Phillips argues the ALJ improperly assessed her sister's testimony. An ALJ cannot disregard the testimony of a lay witness without comment, but must give reasons that are germane to the witness. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir 1996). The ALJ discussed this testimony and noted that while it reiterated many of Phillips's alleged difficulties, it was also inconsistent with the record evidence. Admin. R. 18. Inconsistency with medical evidence is a germane reason for rejecting lay witness testimony. *Bayliss v. Barnhart,* 427 F.3d at 1218. However, the ALJ noted that he gave some weight to the statements regarding Phillips's depression.

The ALJ properly assessed Phillips's RFC. He evaluated the medical evidence and reached conclusions based on substantial evidence in the record. The ALJ assessed Phillips's credibility and drew reasonable inferences regarding her credibility. The ALJ also properly evaluated the lay witness testimony. The ALJ's determination of Phillips's RFC is supported by substantial evidence in the record.

/ / / / /

13 - FINDINGS AND RECOMMENDATION

V.   **Vocational Evidence**

Phillips contends the ALJ erred at step five of the decision-making process by relying on faulty vocational evidence. The ALJ found at step four that Phillips could not return to her past relevant work as an electrician and proceeded to step five. At step five, the Commissioner must show that significant numbers of jobs exist which the claimant can perform. *Andrews v. Shalala*, 53 F.3d at 1043. An ALJ can satisfy this burden by eliciting the testimony of a vocational expert ("VE") with a hypothetical question that sets forth all the limitations of the claimant supported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

Phillips contends the ALJ's conclusion is erroneous because he elicited testimony from the VE with hypothetical questions that did not contain the limitations articulated by Dr. Rose. As described above, the ALJ did not find these limitations credible. An ALJ is not required to incorporate limitations based on evidence that he properly discounted. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1197.

The ALJ considered all the evidence and framed his vocational hypothetical question based on the limitations supported by the record as a whole. The VE testified that a significant number of jobs exist in the national economy that Phillips can perform. Admin. R. 19, 55-59. The ALJ's conclusion that Phillips is able to perform some work and is not disabled is supported by substantial evidence and free of legal error.

## CONCLUSION

Based on the foregoing, the ALJ's decision that Phillips does not suffer from a disability within the meaning of the Social Security Act is based on correct legal standards and supported by

substantial evidence. The Commissioner's final decision should be affirmed and the case dismissed.

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 16th, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within ten (10) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 2nd day of February, 2012.

       /s/ John V. Acosta
John V. Acosta
United States Magistrate Judge